UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CHRISTINA JACKSON,

    Plaintiff,

vs.

GREYHOUND LINES, INC. and
JOHN DOE, a Florida resident

_____/

## NOTICE OF REMOVAL

Defendant GREYHOUND LINES, INC. (hereinafter "Greyhound"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. As grounds therefore, Greyhound shows the Court as follows:

**1. State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida, styled *Christina Jackson v. Greyhound Lines, Inc. and John Doe, a Florida resident,* and designated Case No. 502011CA019391XXXXMB. Plaintiff filed that action on December 6, 2011. *See* Complaint, attached hereto as **"Exhibit A"**.

**2. Defendant's Receipt of Complaint**

A copy of the Plaintiff's Complaint in this action was served on Defendant, along with the summons, on December 8, 2011.

**3. Nature of Action**

The Plaintiff's Complaint sounds in two counts, to wit: (1) Negligence of Defendant John Doe; and (2) Negligence Against Defendant Greyhound. These causes of action arise from the Plaintiff being a passenger on a bus and allegedly suffering a fractured leg when the busdriver, John Doe, suddenly applied the brakes and the Plaintiff was thrown onto her wheelchair that was strapped in front from her.

4. **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Specifically, this action is removable under 28 U.S.C. §1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

5. **Diversity of Citizenship**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." Furthermore, under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States . . ." Moreover, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

In this matter, removal is appropriate as diversity of citizenship exists. First, the Complaint is between citizens of different states. As set forth in the Complaint, the Plaintiff is a resident of Palm Beach County, Florida. However, Greyhound is incorporated in Delaware with its principal place of business in Dallas, Texas. See Second Amended and Restated Certificate of Incorporation of Greyhound Lines, Inc., attached hereto as "**Exhibit B**". Furthermore, although the Plaintiff has alleged that John Doe is a resident of Florida, defendants sued under fictitious names are disregarded and ignored when evaluating petitions for removal. Castellanos v. Target Corporation, Case No. 10-62456-CIV, 2011 WL 384292, at *1-*2 (S.D. Fla. Feb. 3, 2011). In Castellanos, the Plaintiff sued Target and Target's store manager, "John Doe" alleging negligence. Id. While Target was a citizen of Minnesota, creating diversity jurisdiction with the Florida Plaintiff, the Complaint alleged that John Doe resided in Broward County, and that the store manager was only referred to as John Doe because the Plaintiff had not had the time to conduct discovery to ascertain the full name of the store manager. Id. However, the Court held that district courts are to ignore citizenship of Doe defendants when evaluating petitions for removal, and found that since the named parties, plaintiff and Target, were diverse, the diversity of citizenship jurisdictional requirement had been satisfied. Id. Similarly, in this case, ignoring the citizenship of the John Doe Defendant, diversity of citizenship exists between the named parties, Christina Jackson, and Greyhound Lines, Inc.

The removing defendant must establish the amount in controversy by a preponderance of the evidence where a plaintiff has not pled a specific amount of damages. Id. at *2, *citing*, Williams v. Best Buy Co. 269 F. 3d 1316, 1319 (11th Cir.

2001). District courts must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id., *quoting*, Pretka v. Kolter City Plaza II, Inc. 608 F.3d 744 (11th Cir. 2010). Furthermore, a district court "may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal." Id.

In this case, the face of the Complaint simply alleges that Plaintiff's damages are in excess of $15,000 exclusive of interest and costs. However, the Plaintiff alleges that she is a paraplegic who did not have the ability to control her movements and that a sudden application of the brakes of the bus caused her to be thrown from her seat onto her wheelchair which was strapped in front of her, fracturing her leg. *See* **Exhibit A** at ¶ 8, 16. The Plaintiff alleges not only pain and suffering, but permanent bodily injury and/or a permanently aggravated pre-existing condition as well as loss of the enjoyment of life, inconvenience, and mental anguish. *See* **Exhibit A** at ¶ 23, 26. The Plaintiff also alleges to have damages by being forced to expend large sums of monies on costly medical treatment attendant to her injuries as well as costly future medical treatment. Id. Given Plaintiff's allegations in the Complaint, it is apparent through common sense and experience relating to these types of personal injury claims, that the Plaintiff is seeking damages in excess of $75,000, meeting the jurisdictional requirement.

6.  **Venue**

The West Palm Beach Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

court case was brought and is pending and is, thus, the proper district court to which this case should be removed. See 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, the West Palm Beach Division is the proper division within the Southern District of Florida to which the case should be removed as the Plaintiff alleges she is a resident of Palm Beach County. See 28 U.S.C. §§ 1441(a), (e) & 1446(a); **Exhibit A** at ¶ 2.

7.   **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the summons and Complaint was served on Greyhound's designated representative in Florida on December 8, 2011, less than thirty days ago. Thus, this removal is timely.

8.   **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice the Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint.

9.   **Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Greyhound shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

Pursuant to Fed. R. Civ. P. Rule 11, the undersigned counsel certifies that they have read this Notice of Removal and that, to the best of their knowledge, information,

- 6 -

and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law, or there exists a good faith argument for extension, modification, or reversal of existing law and that this Notice is not interposed for any improper cause.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail this 6th day of January, 2012 to: Joseph R. Fields, Jr., Esq., LaBovick Law Group, 5220 Hood Road, Suite 200, Palm Beach Gardens, FL 33418.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Greyhound
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
E-Mail: justin.sorel@csklegal.com
Telephone: (561) 383-9229
Facsimile: (561) 683-8977

By: /s/ Justin C.Sorel
JUSTIN C. SOREL
FBN: 0016256