COPY

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION
CASE NO:

CHRISTINA JACKSON,

**50 2011CA019391XXXX 10**

Plaintiff,

vs.

GREYHOUND LINES, INC. and
JOHN DOE, a Florida resident,

Defendants.

_____/

COPY
RECEIVED FOR FILING
DEC 0 6 2011
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff CHRISTINA JACKSON by and through her

undersigned attorney, and files this, her Complaint for Damages and Demand for Trial

by Jury, against the Defendants GREYHOUND LINES, INC. (hereafter

"GREYHOUND") and JOHN DOE, a Florida Resident (hereinafter "JOHN DOE"), and in

support thereof allege as follows:

1.     This is an action for damages in excess of Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

2.     That at all times material hereto, the Plaintiff CHRISTINA JACKSON was

a resident of Palm Beach County, Florida, and is sui juris.

3.     That at all times material hereto, the Defendant JOHN DOE was a

resident of Florida.

4.     That at all times material hereto, the Defendant GREYHOUND was and is

doing business in Palm Beach County, Florida.

### FACTUAL ALLEGATIONS

6.     That on or about March 10, 2011, the Plaintiff CHRISTINA JACKSON was

## LABOVICK LAW GROUP
Suite 200 · 5220 Hood Rd. · Palm Beach Gardens, FL 33418 ·561.625.8400

EXHIBIT
A

Jackson v. Greyhound
Complaint
Page 2

a passenger on a bus owned and/or leased and operated by GREYHOUND, which was transporting her from West Palm Beach to Orlando, Florida.

7.      That on March 10, 2011, JOHN DOE was an employee of GREYHOUND and was operating the bus in the course and scope of his employment with GREYHOUND.

8.      That on March 10, 2011, JOHN DOE knew or should have known that Christina Jackson was a paraplegic and did not have the ability to control her movements without advance knowledge or warning.

9.      Plaintiff Christina Jackson presented herself for boarding upon Greyhound's bus. At that time and place, she advised JOHN DOE that she was a paraplegic, could not stand, and did not have full control of her body. Despite these warnings, upon using the buses wheelchair lift to bring her onto the bus, JOHN DOE offered her the option of sitting in one of the seats right behind the location where wheelchairs are strapped in. He further encouraged her to use the seat instead of her chair as it was more comfortable.

10.      Upon hearing from JOHN DOE that the seat was more comfortable, Plaintiff Christina Jackson transferred herself to the bus seat. Thereafter, JOHN DOE strapped Plaintiff's wheelchair into the space immediately in front of her. At the time of the strapping of Plaintiff's wheelchair, there were other available locations for her wheelchair to be secured.

11.      At no point in time during the interaction between Plaintiff Christina Jackson and JOHN DOE, did JOHN DOE indicate that the bus had seatbelts or that it

## LABOVICK LAW GROUP

Suite 200 • 5220 Hood Rd. • Palm Beach Gardens, FL 33418 • 561.625.8400

Jackson v. Greyhound
Complaint
Page 3

was preferable for Christina Jackson to use seatbelts. In fact, during prior bus rides, those Greyhound buses that Plaintiff rode on did not have seatbelts.

12.    Had Plaintiff Christina Jackson known or been advised that the bus had seatbelts; she would have used same to protect herself.

13.    Had Plaintiff Christina Jackson known that the bus was prone to sudden stops, she would have declined the use of the bus seat and instead used her wheelchair, which has a seatbelt.

14.    Had Plaintiff Christina Jackson known that she could be thrown from the seat if the bus made a sudden stop, she would have declined the use of the bus seat and instead used her wheelchair, which has a seatbelt.

15.    At no point in time did GREYHOUND or JOHN DOE advise Plaintiff Christina Jackson that the bus had seatbelts, that seatbelts should be used, or that she would be in danger by sitting immediately behind her wheelchair.

16.    At the point in time that JOHN DOE suddenly applied the brakes on the Greyhound bus, Plaintiff Christina Jackson was caused to be thrown onto her chair, strapped in front of her. But for: the wheelchair being strapped in front of her or the failure to provide seatbelts to passengers, she would not have fractured her leg.

17.    At all times relevant to this lawsuit, common carriers such as GREYHOUND, and its drivers, are expected to exercise the highest degree of care, vigilance and precaution in guarding against all dangers from whatever source which may arise from the operation of the bus. As alleged in this Complaint, both GREYHOUND and its driver JOHN DOE failed to exercise such care.

## LABOVICK LAW GROUP
Suite 200 · 5220 Hood Rd. · Palm Beach Gardens, FL 33418 · 561.625.8400

Jackson v. Greyhound
Complaint
Page 4

18.     During the trip, the bus made multiple safe stops.

19.     At some point prior to the bus leaving Palm Beach County, JOHN DOE applied the brakes forceably and without warning to the passengers.

### COUNT I - NEGLIGENCE OF DEFENDANT JOHN DOE

20.     The Plaintiff CHRISTINA JACKSON realleges and reaffirms paragraphs 1 through 19 of this Complaint, as though same were fully set forth herein, and further alleges:

21.     That at all times material hereto, JOHN DOE owed the Plaintiff a duty to act as the reasonably cautious person would and to operate the Greyhound bus with reasonable care and in a safe and prudent manner.

22.     That at the aforesaid date and place, JOHN DOE breached the duties of care he owed the Plaintiff CHRISTINA JACKSON by carelessly and negligently:

a.      failing to follow the rules and policies of GREYHOUND;

b       loading and instructing disabled passengers; and

c.      failing to warning CHRISTINA JACKSON about seatbelts or the lack thereof and the possibility of emergency stops.

23.     That as a direct and proximate result of the negligence of JOHN DOE, the Plaintiff suffered bodily injury and/or permanently aggravated and/or activated a pre-existing condition(s), disability, disfigurement, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish and has been forced to expend large sums of monies on costly medical treatment attendant to her injuries. Plaintiff's injuries are permanent and continuous in nature; she will suffer all of these losses in the future and

# LABOVICK LAW GROUP
Suite 200 · 5220 Hood Rd. · Palm Beach Gardens, FL 33418 ·561.625.8400

Jackson v. Greyhound
Complaint
Page 5

will require costly medical care to deal with the same.

WHEREFORE, Plaintiff CHRISTINA JACKSON demands judgment for damages against JOHN DOE and demands trial by jury on issues so triable.

## COUNT II - NEGLIGENCE AGAINST DEFENDANT GREYHOUND

The Plaintiff CHRISTINA JACKSON realleges and reaffirms paragraphs 1 through 19 and 21 through 23 of this Complaint, as though fully set forth at length herein, and further alleges:

24.    That at all times material hereto, GREYHOUND owed the Plaintiff CHRISTINA JACKSON a duty to act as a reasonably cautious common carrier and to insure that its employees would operate the Greyhound bus with reasonable care and in a safe and prudent manner.    Common carriers such as GREYHOUND are expected to exercise the highest degree of care, vigilance and precaution in guarding against all dangers from whatever source which may arise from the operation of the bus. De Lucia v. Metropolitan Dade County, 451 So. 2d 1008 (Fla. 3d DCA 1984), affirmed 499 So. 2d 52 (Fla. 3d DCA 1986); Transit Casualty Co. v. Puchalski, 382 So. 2d 359 (Fla. 5th DCA 1980) petition den'd 392 So. 2d 1380 (Fla. 1981); Ginn v. Broward County Transit; 396 So. 2d 804 (Fla. 4th DCA 1981).

25.    That at the aforesaid date and place, GREYHOUND by and through JOHN DOE breached the duty of care it owed the Plaintiff CHRISTINA JACKSON.

26.    That as a direct and proximate result of the negligence of GREYHOUND, the Plaintiff suffered bodily injury and/or permanently aggravated and/or activated a pre-existing condition(s), disability, disfigurement, pain and suffering, loss of enjoyment of

## LABOVICK LAW GROUP

Suite 200 · 5220 Hood Rd. · Palm Beach Gardens, FL 33418 ·561.625.8400

Jackson v. Greyhound
Complaint
Page 6

life, inconvenience, mental anguish and has been forced to expend large sums of

monies on costly medical treatment attendant to her injuries.   Plaintiff's injuries are

permanent and continuous in nature; she will suffer all of these losses in the future and

will require costly medical care to deal with the same.

WHEREFORE, Plaintiff CHRISTINA JACKSON demands judgment for damages

against the Defendant GREYHOUND, and demands trial by jury on issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing document will be
served on the Defendants via service of process.

LaBovick Law Group
5220 Hood Road, Suite 200
Palm Beach Gardens, FL 33418
(561) 625-8400 - Telephone
(561) 894-2986 - Facsimile

By:

Joseph R. Fields, Jr., Esq.
Florida Bar Number: 654698

# LABOVICK LAW GROUP